No. 980

STATE v. STEELEY

Ohio Appeals, 4th Dist., Pickaway Co.

Decided April 30, 1926

485. EXECUTORS & ADMINISTRATORS —Proceeding against an executor or administrator to collect and account for proceeds of fund in his hands is a special proceeding and does not come under the four year limitation imposed by the Code of Civil Procedure.

MAUCK, P. J.

The board of education of Pickaway township rural school district filed its complaint in the name of the state in the probate court, representing that George Steeley was the surviving executor of the last will and testament of Nelson Hitler and that the complainant was the residuary legatee of that estate.

The complaint was filed under 10673 GC. and alleged that the executor and Jesse Steeley had conspired to convert to their own use a certificate of deposit for $25,000, that Jesse Steeley was the wife of George Steeley and that in 1917 George Steeley had listed the certificate for taxes and that during the year Jesse Steeley had made demand upon the bank for payment of money due thereon and it is further alleged that complainant had made demand on the executor to collect and account for the proceeds of said certificate, and that he had refused to do so.

A demurrer was filed to the state's petition and was sustained on the ground that the proceeding was not brought within the statutory period of four years under 11218 GC. which provides that a civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in this chapter.

Sec. 11224 GC. reads in part:—"An action for either of the following causes shall be brought within four years after the cause of action is accrued - - -For the recovery of personal property or for taking, detaining or injuring it."

Under the section above, the trial court affirmed the probate court. Error proceedings were instituted and the Court of Appeals held:

1. By the terms of 11224 GC. the limitations therein apply only to civil actions and the practical question contained herein is whether this action is a civil action as the term is used in the Civil Code of Procedure.

2. The code abolished the distinction between actions at law and suits in equity, and substituted in their place one form of action.

3. The limitations of the Code of Civil Procedure, as to the time of commencing civil actions, are applicable, as a bar, only to suits comprehended within the civil action of the code.

4. The civil action of the Code is a substitute for all such judicial proceedings as were previously known, either as actions at law or suits in equity, and does not embrace suits in mandamus.

5. Sec. 10673 GC. is not akin to any of the common law actions superseded by the civil action and where the legislautre creates other and different remedies, such are not subject to the bar imposed by the Civil Code of Procedure.

Judgment reversed and cause remanded to probate court.

Attorneys—Barton Walters; and C. L. Leist for State; Charles Dresbach for Steeley; all of Circleville.